UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:03cr57/LAC/CJK
 3:13cv529/LAC/CJK

DECARLOS MITCHELL
_____/

# REPORT AND RECOMMENDATION

Defendant has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, including a memorandum titled "28 U.S.C. § 2255 (f)(4)" in support (doc. 66). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record, it is the opinion of the undersigned that Defendant's motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

A jury found Defendant guilty of knowingly possessing a firearm as a convicted felon (doc. 29) and on October 28, 2003 he was sentenced to a term of 264

months imprisonment (docs. 33, 35). The Eleventh Circuit Court of Appeals affirmed in July of 2004, finding that the district court did not err by denying Defendant's motion to suppress, by applying the armed career criminal enhancement or by finding that he was subject to enhanced penalties under § 924(e) (doc. 60). After the Supreme Court vacated the appellate court's judgment and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005), the Eleventh Circuit again affirmed Defendant's sentence (doc. 65). The mandate issued on July 6, 2005. Nothing further was filed until Defendant filed the instant § 2255 motion pursuant to the prison mailbox rule[1] on September 23, 2013.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final over eight years before he filed the instant motion. He asserts that his motion is timely based on the Eleventh Circuit's recent decision in Spencer v. United States, Case No. 10-1076, 2013 WL

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

4106367 (11th Cir. Aug. 15, 2013). Spencer, however, does not open the door for § 2255 relief, as in that case the Eleventh Circuit considered a "timely filed first motion under 28 U.S.C. § 2255." The appellate court held that in such instance, "a defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal" may "pursue the same issue when an intervening case from the Supreme Court validates his argument and applies retroactively." Spencer, 2013 WL 4106367, at *1. The instant motion, although Defendant's first § 2255 motion, should be summarily denied as it is untimely.[2]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

---

[2]Defendant also asserts that he may raise a claim of actual and factual innocence at any time. *See* McQuiggin v. Perkins, 133 S.Ct 1924 (2013). However, his bald conclusory assertion that "the firearm [presumably the firearm the jury convicted him of possessing] was not his" does not support an actual innocence claim.

Case Nos.: 3:03cr57/LACMCR; 3:13cv529/LAC/EMT

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 66) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of October, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**