UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   3:03cr57/LC/CJK
3:14cv313/LC/CJK

DECARLOS ANTJUAN MITCHELL
_____/

REPORT AND RECOMMENDATION

This case is before the court on Defendant's pleading titled "28 U.S.C. § 2255(f)(3) or construe as Request for Equitable tolling and motion for Out of Time Appeal" (doc. 80). Defendant filed this pleading in the Middle District of Florida, which transferred Defendant's submission to this court. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.[1]

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, the court would require Defendant to file an amended motion on the court form before his case could proceed.

## BACKGROUND and ANALYSIS

A jury found Defendant guilty of knowingly possessing a firearm as a convicted felon (doc. 29) and on October 28, 2003 he was sentenced to a term of 264 months imprisonment (docs. 33, 35). The Eleventh Circuit Court of Appeals affirmed in July of 2004, finding that the district court did not err by denying Defendant's motion to suppress, by applying the armed career criminal enhancement or by finding that he was subject to enhanced penalties under § 924(e) (doc. 60). After the Supreme Court vacated the appellate court's judgment and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005), the Eleventh Circuit again affirmed Defendant's sentence (doc. 65). The mandate issued on July 6, 2005.

Defendant filed his first § 2255 motion pursuant to the prison mailbox rule[2] on September 23, 2013 (doc. 66). The court dismissed that motion as untimely over Defendant's objection (docs. 67–69). Defendant then filed a pleading titled "Recall Mandate and Construe this Motion as a Rule 60(b)," which the court denied (docs. 73, 74), and a Motion Pursuant to Rule 60(b)(6) which the court also denied (docs. 75, 78). In April of 2014, Defendant attempted to file a deficient application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the court returned Defendant's submission to him along with instructions about the proper filing venue for § 2241 petitions (doc. 79). The instant motion was filed in the Middle District pursuant to the prison mailbox rule on June 17, 2014. Defendant contends that his sentence

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Case Nos.: 3:03cr57/LC/CJK 3:14cv313/LC/CJK

enhancement under the Armed Career Criminal Act ("ACCA") should be vacated because his prior conviction for a "walk-off escape" no longer qualifies as a predicate offense under ACCA.

As noted above, Defendant previously filed a § 2255 motion which was denied as untimely. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion is subject to dismissal.

The motion is also untimely. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final over nine years before he filed the instant motion, but he asserts that the motion is timely filed pursuant to 28

U.S.C. § 2255(f)(3), and, alternatively, that equitable tolling excuses the facially untimely filing.

Defendant relies on the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 1924 (2013). The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and the undersigned has found no cases in which *Descamps* was held to be retroactive on collateral review, although many cases have held to the contrary.[3] Therefore, the *Descamps* decision does not enable Defendant to circumvent the one year statute of limitations through the application of 2255(f)(3).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing

---

[3] *See, e.g., United States v. Boykin*, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on *Descamps* as untimely); *Whitaker v. Chandler*, No. 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014) (*Descamps* is not a retroactively available Supreme Court decision); *Groves v. United States*, Case No. 12-3253, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *Larvie v. United States*, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on *Descamps* and noting that court had found no cases that had found *Descamps* retroactively applicable on collateral review); *Pulley v. United States*, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that *Descamps* broke no new ground and thus did not "revive the one year limitations period of § 2255"); *Baker v. Zych*, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that *Descamps* is not retroactive on collateral review); *Valencia-Mazariegos v. United States*, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review"); *Harr v. United States*, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (*Descamps* did not announce a new rule of law but merely clarified existing law and thus did not apply retroactively on collateral review); *United States v. Hastings*, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held that *Descamps* is retroactively applicable on collateral review and the court was unaware of any other federal court applying *Descamps* to a case that became final on direct appeal before *Descamps* was decided); *Hoskins v. Coakley*, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended *Descamps* to be applied retroactively to cases which already became final after appeals"); *Randolph v. United States*, Case No. CCB–13–1227, 2013 WL 5960881, at *1 (D. Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, No. 5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding *Descamps* was not retroactive and thus "does not open the § 2241 portal" to review claims under the savings clause).

Case Nos.: 3:03cr57/LC/CJK 3:14cv313/LC/CJK

*Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)). Defendant offers no support for his claim that he is entitled to invoke the doctrine of equitable tolling. His motion should be dismissed.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 80) be summarily **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of July, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 3:03cr57/LC/CJK 3:14cv313/LC/CJK