UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos:    3:03cr57/LAC/CJK
                                                         3:15cv363/LAC/CJK
DECARLOS ANTJUAN MITCHELL
_____/

REPORT AND RECOMMENDATION

This case is before the court on Defendant's pleading titled "28 U.S.C. § 2255(f)(3)," which the clerk has filed as a new § 2255 motion, assigning a corresponding civil case number. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.[1]

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). Were summary dismissal not warranted in this case, the court would require Defendant to file an amended motion on the court form before his case could proceed.

## BACKGROUND and ANALYSIS

A jury found Defendant guilty of knowingly possessing a firearm as a convicted felon (doc. 29) and on October 28, 2003 he was sentenced to a term of 264 months imprisonment (docs. 33, 35). The Eleventh Circuit Court of Appeal affirmed in July of 2004, finding that the district court did not err by denying Defendant's motion to suppress, by applying the armed career criminal enhancement or by finding that he was subject to enhanced penalties under § 924(e) (doc. 60). After the Supreme Court vacated the appellate court's judgment and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005), the Eleventh Circuit again affirmed Defendant's sentence (doc. 65). The mandate issued on July 6, 2005.

Defendant filed his first § 2255 motion pursuant to the prison mailbox rule[2] on September 23, 2013 (doc. 66). The court dismissed that motion as untimely over Defendant's objection (docs. 67–69). Defendant then filed a pleading titled "Recall Mandate and Construe this Motion as a Rule 60(b)," which the court denied (docs. 73, 74), and a Motion Pursuant to Rule 60(b)(6) which the court also denied (docs. 75, 78). In April of 2014, Defendant attempted to file a deficient application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the court returned Defendant's submission to him along with instructions about the proper filing venue for § 2241 petitions (doc. 79). Defendant filed a pleading titled "28 U.S.C. § 2255(f)(3) or construe as Request for Equitable tolling and motion for Out of Time Appeal" in the

---

[2]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Case Nos.: 3:03cr57/LAC/CJK 3:15cv363/LAC/CJK

Middle District on June 17, 2014 that was transferred to this court. (Doc. 80). In this motion, Defendant contended that his sentence enhancement under the Armed Career Criminal Act ("ACCA") should be vacated because his prior conviction for a "walk-off escape" no longer qualified as a predicate offense under ACCA. The undersigned recommended that Defendant's motion be denied as successive, and the district court adopted this recommendation over Defendant's objection. (Docs. 81–83).

Defendant has now filed the instant motion, contending that he is entitled to relief pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act violates the Constitution's guarantee of Due Process due to vagueness. *Johnson*, 135 S.Ct. at 2563. Defendant contends that he is entitled to re-sentencing, because at least one of the prior state convictions used to support the application of the ACCA enhancement in his case is no longer an appropriate predicate offense under *Johnson*.

This court does not have jurisdiction to consider the merits of Defendant's motion. As noted above, Defendant previously filed a § 2255 motion that was denied as untimely, which constitutes a merits adjudication. *See Boykin v. United States*, 592 F. App'x 809, 812 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1864 (2015), *reh'g denied*, 135 S. Ct. 2882 (2015). Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the

larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.[3]

Even if the motion is not successive, given the current state of the law, it is untimely. Defendant claims that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3) which provides that a § 2255 motion must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has not declared its decision in *Johnson* to be retroactively applicable on collateral review, nor has any court within this circuit. *See In re Rivero*, Case No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (denying application for leave to file a second or successive § 2255 motion based on *Johnson*); *Haugabook v. United States*, Case Nos. 8:15-cv-1756-T-24TBM, 8:08-cr-254-T-24TBM (M.D. Fla. Jul. 30, 2015) (denying § 2255

---

[3] The court notes that the Eleventh Circuit recently denied a request pursuant to § 2255(h) for leave to file a second or successive motion to vacate based on *Johnson*. *See In re Rivero*, No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015). The court offers no opinion on whether Defendant would be foreclosed from seeking review via another means, for instance a § 2241 petition brought pursuant to § 2255(e), *see Bryant v. Warden*, 738 F.3d 1253 (2013), or pursuant to 28 U.S.C. § 2255(f)(3) if the Eleventh Circuit, or the Supreme Court, deems *Johnson* to be retroactively applicable on collateral review. *See Bryant*, 738 F.3d at 1277, 1278.

motion based on *Johnson* as successive, untimely and without merit); *but see Price v. United States*, Case No. 15-2427, 2015 WL 4621024 (7th Cir. 2015) (authorizing district court to entertain a second or successive § 2255 motion based on *Johnson*). Therefore, the Defendant may not avoid the one year statute of limitations through application of 2255(f)(3).

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence (doc. 85) be summarily **DENIED and DISMISSED without prejudice**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of August, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).